Bennett, Judge,
dissenting:,
The court holds that plaintiff has not met his burden of proof and that his claim is supported only by conjecture. The court frankly admits its difficulty with this conclusion and so do I. The case comes down to a question of what it takes to overcome the presumption of procedural regularity that defendant enjoys in the conduct of its business. In turn, the answer must depend on the facts of the case. In the present case it seems to me that defendant has a certain burden to start with and that it is not all plaintiffs. As our order of February 13, 1976, shows, the pertinent Air Force regulations "clearly require that a selection jacket contain OERs not duly stricken by appropriate authority.” Defendant does not claim that the OER in issue here has been so stricken. Plaintiff has offered cogent proof to rebut the presumption that the allegedly missing OER was, in fact, not missing on the date the Selection Board was charged with considering it to determine whether plaintiff would be promoted. This proof shifts the burden to *128 defendant to show that the OER in question was before the Selection Board.
The trial judge and the court decry plaintiffs "inferential leap” which jumps to a conclusion that because the OER was missing on January 21, 1975, it was missing on October 7, 1974. That leap spans just over 3 months. But, the trial judge says that since the file stamp discloses the OER was presumably put in the selection folder on January 14, 1974, "it is reasonable to assume it remained there until the Selection Board convened in October 1974 and was in said folder until some time after the Selection Board terminated.” This is an inferential leap of 9 months. This jumping contest makes plaintiffs claim the more credible. The preponderance of the evidence on this point, such as it is, is in plaintiffs favor. If we must presume what happened, it is plainly easier to go with plaintiffs presumption.
In overcoming any presumption in defendant’s favor, plaintiff, in a case such as this, is under the handicap that all the witnesses and records are defendant’s, and under defendant’s complete control and custody at all times. Plaintiffs burden of proof must be measured in light of this difficulty, and in light of defendant’s obligation to deal fairly and to turn square corners with its citizens. The trial judge admits that his conclusions are reached to "reflect a blend of facts, presumptions, and inferences.” If a credible showing can be made by plaintiff to demonstrate that defendant has not followed its regular procedures, this should overcome the defendant’s advantage of a presumption of regularity, especially when the presumption is supportable only by inferences. Plaintiff has shown that between the time his selection folder was considered by the board in October 1974 and when plaintiff examined it in January 1975, had the OER been removed there would have been a "charge-out” card inserted in the record. There was none, and the trial judge so found. This strongly suggests that the content of the file was the same in October as it was in January. Defendant’s witness who was present at the January examination of the folder could not explain this absence of the charge-out card. He recommended that plaintiff seek relief from the Correction *129 Board. Defendant’s regular procedures were not followed and this overcomes any presumption of regularity that they were.
Another undisputed fact in plaintiffs favor is that it was customary for defendant to microfilm an OER and then file it in the selection folder. That was not done here. Plaintiffs OER was not microfilmed until December 16, 1974, long after the promotion Selection Board had adjourned. It was not added to his file until February 7, 1975. Defendant says that this is just a clerical error and not unusual and that absence of the OER when plaintiff examined his file is accounted for by the fact that it was being microfilmed at the time. If so, where was the charge-out card for this purpose? Its absence remains unexplained. Presumption of regularity ceases when irregularity is clearly demonstrated in record keeping. Error and irregularity pervade defendant’s case. The trial judge says: "The record does not indicate precisely when the January OER was removed from plaintiffs selection folder.”
With all due respect, plaintiff has made a case and should be entitled to recover.
CONCLUSION OF LAW
Upon the foregoing opinion and the findings of fact which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover and the petition is dismissed.